## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| VICKIE PHAN, individually and Behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NUMBER 1:19-CV-4613 |
| PEAK DEBT CONSUMPTION, LLC CHRIS MCCORMICK, CREDIT PRECISION, INC., MARK MILLER, FISHER LAW GROUP, PLLC, DAVID FISHER, and HEGEMON GROUP INTERNATIONAL, LLC, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT CHRIS MCCORMICK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT IN CLASS ACTION FOR DAMAGES

COMES NOW, Defendant, Chris McCormick ("Defendant"), in the above-captioned case, by and through the undersigned counsel, and, files this his answer to Plaintiff's First Amended Complaint In Class Action For Damages.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant for which relief may be granted and therefore should be dismissed.

1

## SECOND DEFENSE

Plaintiff's Complaint should be dismissed against this Defendant for failure of consideration.

## THIRD DEFENSE

Plaintiff's Complaint should be dismissed against this Defendant because of an accord and satisfaction pursuant to O.C.G.A. § 9-11-8(c).

## FOURTH DEFENSE

Plaintiff's Complaint should be dismissed due to estoppel.

## FIFTH DEFENSE

Defendant was not in privity of contract with the Plaintiff and therefore Defendant is not a proper party to the suit and Plaintiff's Complaint should be dismissed against this Defendant.

## SIXTH DEFENSE

Plaintiff has failed to join a party needed for just adjudication in accordance with O.C.G.A. § 9-11-12(b)(7) in that Plaintiff has failed to include individuals and corporations, who are known to the Plaintiff, and who are indispensable parties and therefore Plaintiff's complaint against this Defendant should be dismissed.

## SEVENTH DEFENSE

At all times pertinent herein, there was no privity of contract between this Plaintiff and this Defendant, and this Defendant owed no contractual obligations whatsoever to the Plaintiff, with the result that the Plaintiff is not entitled to recover any amount whatsoever of this Defendant in this action.

## EIGHTH DEFENSE

Plaintiff lacks standing to bring this action because Plaintiff is not a party to whom an indebtedness is owed by this Defendant and therefore Plaintiff's Complaint should be dismissed.

## NINTH DEFENSE

The Plaintiff has waived and released any right it may have had to recover any amount whatsoever from this Defendant in this action because Plaintiff has already received compensation from a third party and therefore Plaintiff's Complaint should be dismissed.

## TENTH DEFENSE

Plaintiff's claims are barred by virtue of waiver; accord and satisfaction; estoppel; and lack of damages.

## ELEVENTH DEFENSE

Plaintiff has failed to assert its rights in a timely manner, without excuse, causing the spoliation of evidence and witnesses, with ample opportunity to act sooner, causing prejudice to Defendant, and Plaintiff's Complaint should therefore be barred by laches.

## TWELFTH DEFENSE

This Defendant reserves the right to bring any affirmative defense not herein raised that may become evident as this litigation proceeds.

This Defendant responds to Plaintiff's specific allegations as follows:

## INTRODUCTION

This Defendant denies all of the allegations made in the Introduction paragraph of the Plaintiff's Complaint.

1.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 1 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

2.

This Defendant denies violating the statute in paragraph 2 of Plaintiff's Complaint.

4

3.

This Defendant denies violating the statute in paragraph 3 of Plaintiff's Complaint and The Credit Repair Organization ACT ("CROA") speaks for itself.

4.

This Defendant denies violating the statute in paragraph 4 of Plaintiff's Complaint and the Georgia Debt Adjustment Act ("GDAA") speaks for itself.

5.

This Defendant denies violating the statute in paragraph 5 of Plaintiff's Complaint.

6.

This Defendant denies violating the statute in paragraph 6 of Plaintiff's Complaint.

7.

This Defendant denies the allegations in paragraph 7 of Plaintiff's Complaint.

8.

This Defendant denies the allegations in paragraph 8 of Plaintiff's Complaint.

9.

This Defendant denies the allegations in paragraph 9 of Plaintiff's Complaint.

10.

This Defendant denies the allegations in paragraph 10 of Plaintiff's Complaint.

11.

This Defendant denies the allegations in paragraph 11 of Plaintiff's Complaint.

12.

This Defendant denies the allegations in paragraph 12 of Plaintiff's Complaint.

13.

This Defendant denies violating the statute in paragraph 13 of Plaintiff's Complaint.

14.

This Defendant denies violating the statute in paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies the allegations in paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations in paragraph 18 of Plaintiff's Complaint.

## **PARTIES, JURISDICTION AND VENUE**

19.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 19 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

20.

This Defendant admits paragraph 20 of Plaintiff's Complaint.

21.

This Defendant admits paragraph 21 of Plaintiff's Complaint.

22.

This Defendant admits paragraph 22 of Plaintiff's Complaint.

23.

This Defendant admits paragraph 23 of Plaintiff's Complaint.

24.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 24 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

25.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 25 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

26.

This Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.

27.

This Defendant is without sufficient information or belief to admit or deny

the statements and allegations contained in paragraph 27 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

28.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 28 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

29.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 29 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

30.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 30 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

31.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 31 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

32.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 32 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

33.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 33 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

34.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 34 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

35.

At this time in the litigation this Defendant is without sufficient information or belief to admit or deny whether this Court has jurisdiction as stated in paragraph 35 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

36.

At this time in the litigation this Defendant is without sufficient information

or belief to admit or deny whether this Court is the proper venue as stated in paragraph 36 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

## RELEVANT FACTS

37.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 37 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

38.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 38 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

39.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 39 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

40.

This Defendant admits paragraph 40 of Plaintiff's Complaint.

41.

This Defendant admits that Exhibit 2 is a true and accurate copy of the "Client Engagement Agreement" and the agreement speaks for itself.

42.

This Defendant denies the allegations in paragraph 42 of Plaintiff's Complaint.

43.

This Defendant denies the allegations in paragraph 43 of Plaintiff's Complaint.

44.

This Defendant denies the allegations in paragraph 44 of Plaintiff's Complaint.

45.

This Defendant admits that Exhibit 3 is a true and accurate copy of the "Joint Escrow Agreement" and the agreement speaks for itself.

46.

This Defendant denies the allegations in paragraph 46 of Plaintiff's Complaint.

47.

This Defendant admits paragraph 47 of Plaintiff's Complaint.

48.

This Defendant denies the allegations in paragraph 48 of Plaintiff's Complaint.

49.

This Defendant denies the allegations in paragraph 49 of Plaintiff's Complaint.

50.

This Defendant admits that Exhibit 4 is a true and accurate copy of the "Credit Repair Services Agreement" and the agreement speaks for itself.

51.

This Defendant denies the allegations in paragraph 51 of Plaintiff's Complaint.

## THE CREDIT REPAIR ORGANIZATION ACT, 15 U.S.C. § 1679

52.

The Credit Repair Organization ACT ("CROA") speaks for itself.

53.

This Defendant is without sufficient information or belief to admit or deny

the statements and allegations contained in paragraph 53 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

54.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 54 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

55.

This Defendant denies the allegations in paragraph 51 of Plaintiff's Complaint.

56.

The Credit Repair Organization ACT ("CROA") speaks for itself.

57.

The Credit Repair Organization ACT ("CROA") speaks for itself.

58.

This Defendant denies the allegations in paragraph 58 of Plaintiff's Complaint.

59.

The Credit Repair Organization ACT ("CROA") speaks for itself.

60.

The Credit Repair Organization ACT ("CROA") speaks for itself.

61.

This Defendant denies the allegations in paragraph 61 of Plaintiff's Complaint.

## GEORGIA DEBT ADJUSTMENT ACT

62.

The Georgia Debt Adjustment Act ("GDAA") speaks for itself.

63.

The Georgia Debt Adjustment Act ("GDAA") speaks for itself.

64.

The Georgia Debt Adjustment Act ("GDAA") speaks for itself.

65.

The Georgia Debt Adjustment Act ("GDAA") speaks for itself.

66.

The Georgia Debt Adjustment Act ("GDAA") speaks for itself.

67.

The Georgia Debt Adjustment Act ("GDAA") speaks for itself.

68.

The Georgia Debt Adjustment Act ("GDAA") speaks for itself.

## **VIOLATION OF GEORGIA'S DEBT ADJUSTMENT ACT**

69.

This Defendant denies the allegations in paragraph 69 of Plaintiff's Complaint.

70.

This Defendant denies the allegations in paragraph 70 of Plaintiff's Complaint.

71.

This Defendant denies the allegations in paragraph 71 of Plaintiff's Complaint.

72.

This Defendant denies the allegations in paragraph 72 of Plaintiff's Complaint.

73.

This Defendant denies the allegations in paragraph 73 of Plaintiff's Complaint.

74.

This Defendant denies the allegations in paragraph 74 of Plaintiff's
Complaint.

75.

This Defendant denies the allegations in paragraph 75 of Plaintiff's
Complaint.

76.

This Defendant denies the allegations in paragraph 76 of Plaintiff's
Complaint.

## THE GEORGIA FAIR BUSINESS PRACTICES ACT

77.

The Georgia Fair Business Practices Act speaks for itself.

78.

The Georgia Fair Business Practices Act speaks for itself.

79.

The Georgia Fair Business Practices Act speaks for itself.

## VIOLATIONS OF THE FBPA

80.

This Defendant denies the allegations in paragraph 80 of Plaintiff's

Complaint.

## 81.

This Defendant denies the allegations in paragraph 81 of Plaintiff's
Complaint.

## 82.

This Defendant denies the allegations in paragraph 82 of Plaintiff's
Complaint.

## 83.

This Defendant denies the allegations in paragraph 83 of Plaintiff's
Complaint.

## 84.

This Defendant denies the allegations in paragraph 84 of Plaintiff's
Complaint.

## 85.

This Defendant denies the allegations in paragraph 85 of Plaintiff's
Complaint.

## GEORGIA'S STATE PROCEDURAL PROHIBITION

## ON CLASS ACTIONS PURSUANT TO THE FBPA

## IS PRE-EMPTED BY FED. R. CIV. P. 23

86.

The Georgia Fair Business Practices Act speaks for itself.

87.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 87 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

88.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 88 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

89.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 89 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

## CLASS ALLEGATIONS

### 90.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 90 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

### 91.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 91 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

### 92.

This Defendant denies the allegations in paragraph 92 of Plaintiff's Complaint.

### 93.

This Defendant denies the allegations in paragraph 93 of Plaintiff's Complaint.

### 94.

This Defendant denies the allegations in paragraph 94 of Plaintiff's Complaint.

95.

This Defendant denies the allegations in paragraph 95 of Plaintiff's Complaint.

96.

This Defendant denies the allegations in paragraph 96 of Plaintiff's Complaint.

97.

This Defendant denies the allegations in paragraph 97 of Plaintiff's Complaint.

98.

This Defendant denies the allegations in paragraph 98 of Plaintiff's Complaint.

99.

This Defendant denies the allegations in paragraph 99 of Plaintiff's Complaint.

100.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 100 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

101.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 101 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

102.

This Defendant is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 102 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

103.

This Defendant denies the allegations in paragraph 103 of Plaintiff's Complaint.

104.

This Defendant denies the allegations in paragraph 104 of Plaintiff's Complaint.

Any statements or paragraphs in Plaintiff's Complaint not hereto answered are hereby denied.

**WHEREFORE,** this Defendant prays:

(1)     that the complaint against this Defendant be dismissed with prejudice, with all costs assessed against the Plaintiff; and

(2)    that the Defendant be awarded attorney's fees; and

(3)    that the Defendant receives a trial by jury on all issues; and

(4)    that the Defendant has such other and further relief as is just and proper.


Respectfully submitted, this 14th day of February, 2020.

**STEVENS, STEVENS & OLIVER, LLC**
*Attorneys for Defendant*
*Chris McCormick*

*/s/ Andrew M. Stevens*
Andrew M. Stevens
Georgia Bar No. 680632

4167 Roswell Road
Suite A, Floor 1
Atlanta, GA 30342
(t) 770-393-8900
(f) 770-392-0367
astevens@lawstevens.com

## FONT CERTIFICATION

In compliance with Local Rule 7.1(D), counsel for Defendant Chris

McCormick certifies that this filing was prepared using a font and point selection

approved by the Court in Local Rule 5.1(B), Times New Roman 14.

Respectfully submitted, this 14th day of February, 2020.

> STEVENS, STEVENS & OLIVER, LLC
> *Attorneys for Defendant*
> *Chris McCormick*
>
> */s/ Andrew M. Stevens*
> Andrew M. Stevens
> Georgia Bar No. 680632

4167 Roswell Road
Suite A, Floor 1
Atlanta, GA 30342
(t) 770-393-8900
(f) 770-392-0367
astevens@lawstevens.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed **DEFENDANT**

**CHRIS MCCORMICK'S ANSWER TO PLAINTIFF'S FIRST AMENDED**

**COMPLAINT IN CLASS ACTION FOR DAMAGES** with the Clerk of Court

using the CM/EMF system which will automatically send e-mail notifications of

such filing to all parties of record.

This 14th day of February, 2020.

**STEVENS, STEVENS & OLIVER, LLC**
*Attorney for Defendant*
*Chris McCormick*

*/s/ Andrew Stevens*
Andrew M. Stevens
Georgia Bar No. 680632

4167 Roswell Road
Suite A, Floor 1
Atlanta, GA 30342
(t) 770-393-8900
(f) 770-392-0367
astevens@lawstevens.com