**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 1 1 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| VICKIE PHAN, individually and on behalf of all others similarly situated | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:19-cv-04613-JPB ) |
| PEAK DEBT CONSUMPTION, LLC CHRIS MCCORMICK, CREDIT PRECISION, INC. MARK MILLER, FISHER LAW GROUP, PLLC, DAVID FISHER, and HEGEMON GROUP INTERNATIONAL, LLC | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

---

**DEFENDANT DAVID FISHER'S**
**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

COMES NOW, Defendant David Fisher ("FISHER"), in the above-captioned case, as a pro se Defendant and files his answer to Plaintiff's First Amended Complaint in Class Action for Damages.

1

## FIRST AFFIRMATIVE DEFENSE

The Complaint against FISHER fails to state a claim upon which relief can be granted, in whole or in part.

## SECOND AFFIRMATIVE DEFENSE

The Complaint against FISHER should be dismissed for failure of consideration.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against FISHER are barred in whole or in part to the extent such claims are based on contractual provisions or state laws which are preempted by applicable federal laws.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint against FISHER is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint against FISHER is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint against FISHER is barred by the failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint against FISHER is barred to the extent that the damages

alleged by Plaintiff arose from or are the result of acts or omissions of the Plaintiff.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's Complaint against FISHER is barred in whole or in part because of lack of injury or damages.

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's Complaint against FISHER is barred in whole or in part due to the acts or omissions of third parties, and not from any act or omission of FISHER.

<u>**NINTH AFFIRAMTIVE DEFENSE**</u>

Plaintiff's Complaint against FISHER in class action for damages fails, as FISHER is not situated, or similarly situated, with other Defendants or third parties or share a commonality of claims or acts as other Defendants or third parties.

<u>**TENTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's Complaint against FISHER is barred as this Court lacks jurisdiction of FISHER.

<u>**ELEVENTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's Complaint against FISHER is barred due to a lack of privity between Plaintiff and FISHER.

## TWELFTH AFFIRMATIVE DEFENSE

FISHER reserves the right to bring any affirmative defense not herein raised that may become evident as this litigation proceeds.

## THIRTEENTH AFFIRMATIVE DEFENSE

FISHER responds to the specific allegations of the Complaint as follows:

## INTRODUCTION

FISHER denies all of the allegations made in the introduction paragraph of the Plaintiff's Complaint.

### 1.

FISHER is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 1 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

### 2.

FISHER denies violating the statute in paragraph 2 of Plaintiff's Complaint.

### 3.

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

### 4.

FISHER denies any liability or that any claims against FISHER falls within the Georgia Debt Adjustment Act. All other allegations are denied.

**5.**

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

**6.**

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

**7.**

Denied as to FISHER.

**8.**

FISHER responds by stating that it is without sufficient information to admit or deny the allegations of Paragraph 8 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**9.**

FISHER responds by stating that it is without sufficient information to admit or deny the allegations of Paragraph 9 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**10.**

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

## 11.

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

## 12.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 12 of the Complaint. Therefore, as to FISHER, any such claims are denied.

## 13.

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

## 14.

FISHER denies any liability or that any claims against FISHER fall within the Fair Business Practices Act. All other allegations are denied.

## 15.

Denied as to FISHER.

## 16.

Denied as to FISHER.

## 17.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 17 of the Complaint. Therefore, as to FISHER, any such claims are denied.

### 18.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 18 of the Complaint. Therefore, as to FISHER, any such claims are denied.

## PARTIES, JURISDICTION AND VENUE

### 19.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 19 of the Complaint.

### 20.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 20 of the Complaint.

### 21.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 21 of the Complaint.

### 22.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 22 of the Complaint.

**23.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 23 of the Complaint.

**24.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 24 of the Complaint.

**25.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 25 of the Complaint.

**26.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 26 of the Complaint.

**27.**

FISHER admits Fisher Law Group PLLC is a professional limited liability company   Denies the principal place of business is at the alleged address.

**28.**

FISHER admits the address was Fisher Law's previous office address, but denies being served the summons and complaint at his previous office address.

**29.**

Admitted.

**30.**

FISHER is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 30 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

**31.**

FISHER responds by stating that it is without sufficient information to admit or deny the allegations of Paragraph 31 of the Complaint.  Therefore, as to FISHER, any such claims are denied.

**32.**

FISHER responds by stating that it is without sufficient information to admit or deny the allegations of Paragraph 32 of the Complaint.  Therefore, as to FISHER, any such claims are denied.

**33.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 33 of the Complaint.  Therefore, as to FISHER, any such claims are denied.

**34.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 24 of the Complaint.  Therefore, as to FISHER, any such claims are denied.

**35.**

Denied as to FISHER.

**36.**

Denied as to FISHER.

## RELEVANT FACTS

**37.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 37 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**38.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 38 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**39.**

FISHER is without sufficient information or belief to admit or deny the statements and allegations contained in paragraph 39 of Plaintiff's Complaint and denies same as written and demands strict proof of same.

**40.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 40 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**41.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 42 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**42.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 42 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**43.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 43 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**44.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 44 of the Complaint. Therefore, as to FISHER,

any such claims are denied.  FISHER never received any retainer or any other payments from Plaintiff, nor was FISHER ever in custody of any such payments.

**45.**

FISHER responds by stating that he never authorized his name to be placed on this agreement and never signed this agreement and is without sufficient information to admit or deny the allegations of Paragraph 45 of the Complaint. (SEE EXHIBIT A: AFFIDAVIT OF CHRIS MCCORMICK).  Therefore, as to FISHER, any such claims are denied.

**46.**

FISHER responds by stating that he was never an authorized signer on any bank account where funds were deposited, nor had he ever any access to any such account (not even read-only), nor had he any say or authority to the dispensing of any funds of said account, nor had he any knowledge whatsoever of the depositing of any funds in said account (SEE EXHIBIT B: AFFIDAVIT OF CHRIS MCCORMICK), and FISHER never spoke with or communicated with Plaintiff prior to her depositing of any funds whatsoever to any account of Peak Debt Consumption, nor did FISHER ever attempt to entice Plaintiff or "sell" Peak Debt Consumption's business model to her, and therefore, as to FISHER, any such claims in Paragraph 46 are denied.

13

**47.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 47 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**48.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 48 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**49.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 49 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**50.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 50 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**51.**

FISHER responds by stating that he never collected any money from Plaintiff and  is without sufficient information to admit or deny the allegations of Paragraph 51 of the Complaint. Therefore, as to FISHER, any such claims are denied.

## THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. § 1679

### 52.

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

### 53.

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

### 54.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 54 of the Complaint. Therefore, as to FISHER, any such claims are denied. FISHER further responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

### 55.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 55 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**56.**

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

**57.**

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

**58.**

Denied as to FISHER.  Additionally, FISHER denies receiving any money from Plaintiff.

**59.**

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

**60.**

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

**61.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 61 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**62.**

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

**63.**

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

**64.**

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

**65.**

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

**66.**

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

**67.**

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

**68.**

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

## VIOLATION OF THE GEORGIA DEBT ADJUSTMENT ACT

### 69.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 69 of the Complaint. Therefore, as to FISHER, any such claims are denied.   In addition, FISHER denies engaging in any illegal activity.

### 70.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 70 of the Complaint. Therefore, as to FISHER, any such claims are denied.

### 71.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 71 of the Complaint. Therefore, as to FISHER, any such claims are denied.

### 72.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 61 of the Complaint. Therefore, as to FISHER, any such claims are denied. Additionally, FISHER denies any allegations that he ever received any money from Plaintiff.

### 73.

FISHER denies the allegations in Paragraph 73 of Plaintiff's Complaint.

### 74.

Fisher responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 74 of the Complaint. Therefore, as to FISHER, any such claims are denied.

### 75.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 75 of the Complaint. Therefore, as to FISHER, any such claims are denied.

### 76.

Denied as to FISHER.

## **THE GEORGIA FAIR BUSINESS PRACTICES ACT**

### 77.

FISHER responds by stating that any properly referenced or properly cited law speaks for itself. All other allegations are denied.

**78.**

FISHER responds by stating that any properly referenced or properly cited law speaks for itself. All other allegations are denied.

**79.**

FISHER responds by stating that any properly referenced or properly cited law speaks for itself. All other allegations are denied.

## **VIOLATIONS OF THE FBPA**

**80.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 80 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**81.**

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 81 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**82.**

Fisher responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 82 of the Complaint. Therefore, as to FISHER, any such claims are denied.

### 83.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 83 of the Complaint. Therefore, as to FISHER, any such claims are denied.

### 84.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations concerning Peak of Paragraph 84 of the Complaint. Therefore, as to FISHER and Peak together, any such claims are denied. Additionally, any allegations against Fisher individually are denied.

### 85.

FISHER responds by stating that he is without sufficient information to admit or deny the allegations of Paragraph 85 of the Complaint. Therefore, as to FISHER, any such claims are denied.

## GEORGIA STATE PROCEDURAL PROHIBITION ON CLASS ACTIONS PURSUANT TO THE FBPA IS PRE-EMPTED BY FED. R. CIV. P. 23

### 86.

21

FISHER responds by stating that any referenced or cited law speaks for itself. All other allegations are denied.

**87.**

FISHER responds by stating that any referenced or relied upon case law speaks for itself. All other allegations are denied.

**88.**

FISHER responds by stating that any referenced or relied upon case law speaks for itself. All other allegations are denied.

**89.**

Denied as to FISHER.

## **CLASS ALLEGATIONS**

**90.**

FISHER denies Plaintiff's request for class certification.

**91.**

Denied as to FISHER.

**92.**

FISHER responds by stating that it is without sufficient information to admit or deny the allegations of Paragraph 92 of the Complaint. Therefore, as to

Fisher, any such claims are denied. Additionally, FISHER denies any allegations that he sold or marketed Peak's services.

**93.**

FISHER responds by stating that it is without sufficient information to admit or deny the allegations of Paragraph 93 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**94.**

FISHER responds by stating that it is without sufficient information to admit or deny the allegations of Paragraph 94 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**95.**

FISHER responds by stating that it is without sufficient information to admit or deny the allegations of Paragraph 95 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**96.**

FISHER responds by stating that it is without sufficient information to admit or deny the allegations of Paragraph 96 of the Complaint. Therefore, as to FISHER, any such claims are denied.

**97.**

Denied as to FISHER.

**98.**

Denied.

**99.**

Denied.

**100.**

Denied.

**101.**

Denied.

**102.**

Denied.

**103.**

Denied.

**104.**

Denied.

**105.**

Any and all general or specific allegations against FISHER not specifically addressed herein are denied.

WHEREFORE, FISHER respectfully requests the following relief:

a)   that the Complaint be dismissed against FISHER with prejudice;

b)   that FISHER receive judgment against Plaintiff as to all claims and counts;

c)   that FISHER be awarded all of its costs and fees associated with defending this action; and

d)   that FISHER receive all other relief deemed just and proper by this Honorable Court.

Respectfully submitted this 9th day of March, 2020.

By: _____

David Fisher

5663 South Redwood Road
Suite 2
Taylorsville, UT 84123
(801) 931-9001 tel.
fisherlawllc@lawyer.com

## CERTIFICATION UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1D, Defendant David Fisher

certifies that the above and foregoing document is a document prepared in Times

New Roman (14 point) font in accordance with Local

Rule 5.1B.

So certified this 9th day of March, 2020.


By: _____
David Fisher, Pro Se

5663 South Redwood Road
Suite 2
Taylorsville, UT 84123
(801) 931-9001 tel.
fisherlawllc@lawyer.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 9, 2020, I mailed my Answer to the Clerk of Court by USPS first class mail and I e-mailed a copy of my answer to the following attorneys of record:

James W. Hurt
jhurt@hurtstolz.com
Hurt Stolz, P.C.
1551 Jennings Mill Road
Suite 3100-B
Watkinsville, GA 30677

Andrew M. Stevens
astevens@lawstevens.com
Stevens, Stevens & Oliver, LLC
4167 Roswell Road
Suite A, Floor 1
Atlanta, GA 30342

Scott Robert Hoopes
scott@millshoopeslaw.com
Mills & Hoopes, LLC
1550 North Brown Road
Suite 130
Lawrenceville, GA 30043

Respectfully submitted this 9th day of March, 2020.

By: /s/David L. Fisher
David Fisher

5663 South Redwood Rd
Suite 2
Taylorsville, UT 84123
(801)931-9001 tel.
fisherlawllc@lawyer.com

# EXHIBIT A

**Affidavit of Chris McCormick regarding the Client Engagement Agreement**

## AFFIDAVIT OF CHRIS MCCORMICK

To Whom It May Concern:

I, Chris McCormick, a defendant in this case, would like to state some extremely important and relevant issues in regard to Civil Action No. 1:19-CV-4613. First, I was the CEO of Peak Debt Consumption (PDC), and I am preparing this affidavit in direct regard to David Fisher and his law firm as defendants in this case.

Shortly after Mr. Fisher's (and his law firm's) engagement as an Independent Contractor with and for Peak Debt Consumption, he received a copy of the then-existing Client Engagement Agreement (CEA), and I, as the CEO of PDC, asked Mr. Fisher to review and update the CEA in accordance with his skills as an attorney, and what he felt would be good verbiage on the contract. One significant change Mr. Fisher made was that he removed his own name (and his firm's name) from the CEA as a party to that agreement for the reasons stated below.

His changes to the CEA ensured that the only parties, therefore, was 1) the client, and 2) PDC alone, without any third party. After the changes to the CEA, Mr. Fisher provided me the document, sent via E-mail, and I reviewed it somewhat, but I inadvertently uploaded (or accidentally permitted to be uploaded for use) the incorrect CEA in PDC's system, which version did indeed still include Mr. Fisher's (and his firm's) name as a party to the CEA. I want to be entirely clear that I in no way intentionally put Mr. Fisher's name back on the agreement, nor did I intentionally choose the CEA that still included his name. Mr. Fisher was entirely unaware that the CEA that we were using did include his name, and in fact, he never saw or signed an executed CEA until approximately June 2018 when client Greg Wilcox required all parties to affix their signatures to the agreement before he would remit any of his funds pursuant to the CEA. When I handed Mr. Fisher the CEA of Greg Wilcox for execution, both he and I were surprised, and Mr. Fisher was upset that his name was put back on the CEA, however, Mr. Fisher did sign that agreement (and only that agreement) because Mr. Fisher had no indication whatsoever that there was anything financially amiss with PDC's trust/escrow account at that

time. Mr. Fisher's sole duties at that time were to work toward settling the debts of PDC's clients, not to review any contractual documentation between the clients and PDC.

Mr. Fisher was upset his name was placed back on the CEA and he demanded it be removed again before any further new clients should be accepted by PDC. This did occur, and Mr. Fisher's name was removed from the CEA once again from that time forward. I did not repeat the mistake I previously made (or permitted to be made) by using the CEA that included his name.

As the CEO of PDC, I did not permit Mr. Fisher or his firm the right to see, utilize, or have any access to the trust/escrow of PDC because of my concern with how his predecessor, a lawyer, allegedly dishonestly absconded or misused the trust funds and therefore my trust of attorneys was virtually non-existent, even though Mr. Fisher seemed to be an honest individual. Mr. Fisher explained, however, that if he had no ability to see or utilize the trust/escrow account of PDC, he would not permit his name to be on the CEA as he explained that because of my policy, he therefore had no ability to perform the terms and duties of the CEA. This is why he demanded his name (and his firm's name) be permanently removed from the CEA, and I respected his decision. It was entirely a mistake that I (or someone in my staff) chose the CEA that included Mr. Fisher's name be used, unbeknownst to him.

Mr. Fisher signed no CEA before or after Mr. Greg Wilcox's CEA. I completely agreed to permit him to remove his name from the agreement, and the inclusion of his name was entirely inadvertent and a mistake. He never agreed to be a party to any CEA whatsoever.

I prepared this affidavit at my own volition, under no duress, and I had the opportunity to discuss the content of this affidavit with my own legal counsel. I am of sound mind and fully understand and agree to the repercussions and meanings of this affidavit.


[SIGNATURE AND NOTARY ON NEXT PAGE]


AFFIDAVIT OF CHRIS MCCORMICK

**Signature**

Signature of Chris
McCormick:

Address:

Dated:

Witness my hand this 26th day of _February_, 20 _20_

Signature:

Notary: _Colter R. Wilcock_ State: _Utah_   County: _Salt Lake_

Date: Feb 26, 2020

The foregoing document was signed/acknowledged before me by _Chris McCormick_ on the date above.  The person's identification provided was:

Form (D.L., Passport, etc.): {CF: ID Provided}

Number: DL #- {CF:DL Number}, PP#- {CF: Passport Number}
          007284118

Notary:



COLTER R WILCOCK
Notary Public - State of Utah
Comm No. 698985
My Commission Expires on
Feb 13, 2022

AFFIDAVIT OF CHRIS MCCORMICK

3 OF 3

# EXHIBIT B

**Affidavit of Chris McCormick regarding the Escrow Account of Peak Debt Consumption**

Chris McCormick
1891 E Frontier Rd
Salt Lake City, UT 84121
Tel: (801) 828-0542

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| VICKIE PHAN, individually and Behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PEAK DEBT CONSUMPTION, LLC, CHRIS MCCORMICK, CREDIT PRECISION, INC., MARK MILLER, FISHER LAW GROUP, PLLC, DAVID FISHER, and HEGEMON GROUP INTERNATIONAL, LLC. | Case No.   1:19-CV-4613-JPB <br><br><br> Judge: J. P. Boulee |

## AFFIDAVIT OF CHRIS MCCORMICK

1. This affidavit is made by Chris McCormick, owner of Peak Debt Consumption, LLC ("Peak"), who states that he is over the age of twenty-one, of sound mind and body, and personally knows the information contained herein.

2. This affidavit is made concerning case 1:19-CV-4613-JPB in in the United States District Court for the Northern District of Georgia.

3.  David Fisher ("Fisher") and Fisher Law Group PLLC, who are co-defendants in this case, were not employees, officers, directors, owners for Peak.

4.  Fisher and Fisher Law Group PLLC did not have any managerial authority or duties for Peak Debt Consumption in any fashion or capacity.

5.  Fisher and his firm were solely engaged as an independent contractor for one purpose – to attempt to settle the debts for the then-existing and new clients of Peak. At no time during his engagement with Peak, did Fisher or his law firm ever have any access (visual or otherwise) to any of the funds or money that each, any, and all Peak clients sent to the company, nor did he ever receive any such funds on the company's behalf.

6.  The wiring instructions that I and my sales team provided to the clients were directly to the trust account for Peak, and Fisher had nothing whatsoever to do with the transfer of any of those funds. That account was set up long before Fisher was ever even engaged by Peak, and many clients of Peak predated Fisher's engagement.

7.  Fisher had no signing power or authority or access on or to the account into which the funds were deposited, nor was he ever given any access, custody, possession, nor was he ever even given any read-only or visual access into the account at all, ever.

8.  Additionally, the funds from the clients were never placed into Fisher's (or Fisher Law Group PLLC's) IOLTA account, nor would I permit the funds to be placed there. Also, Fisher (or his firm) never had any right, authority, or say over where or when any of the clients' funds could be disbursed or spent in any capacity

whatsoever. His job description was only to work toward settling the debts for the clients, and then notify me when the settlements were made, and then it was my duty to utilize the available funds at my discretion to pay off and mail the settlements that Fisher and his firm completed. Fisher had no say or authority on the sending of those payments to the creditors.

9. Fisher was also never aware of the balance of the trust account, either, as that was not in his job description to concern himself with those issues. He was never aware of any disbursements, transfers, or payments from the trust account at any time, as I never let him know of any such disbursements, nor did I ever ask Fisher or his firm for any legal advice regarding the disbursements of any of those funds. Fisher was never a recipient or beneficiary of, nor did he ever benefit from any of the clients' trust funds at any time.

10. Fisher nor his firm were ever recipients of funds that were designated funds for the trust account of Peak. He was paid a weekly fixed dollar amount as an independent contractor beginning mid-2017 that I paid him from available operating funds.

11. Additionally, Fisher was not part of the "sales team" of Peak.

12. When new clients were brought into Peak, Fisher and his firm had no knowledge of them until he was told that new clients had signed up, at which point Fisher would immediately start working toward the settlement of their debts.

13. Lastly, there is an indispensable party, Josh Pryor, that still has not been named as a defendant in this case, who is the individual who ultimately had the say on where those funds went, and he must be included as the culpable party to this suit, and it is my intent to bring him in to this suit very soon.

14. Further your affiant sayeth naught.

Date: ___1 / 28 / 2020___

Signature of Chris McCormick: 

I certify that **Chris McCormick** who is known to me or who presented satisfactory identification, has, while in my presence and while under oath or affirmation, voluntarily signed this document and declared that it is true.

Date: __1 / 29 / 2020__   Notary Public Signature: ___Ron R. Lopton___

Typed or printed name of Notary Public ___Ross R. Lopton___

My Comission Expires 4-11-2021

ROSS R LOPTON
Notary Public – State of Utah
Comm. No. 694450
My Commission Expires on
Apr 11, 2021

CERTIFICATE OF SERVICE

The undersigned hereby certifies a true and correct copy of the foregoing was served electronically via CM/ECF notification on this 27 day of January, 2020 on the following parties:

Chris McCormick

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE
POSTAGE REQUIRED

**UNITED STATES POSTAL SERVICE** ®

UNITED STATES POSTAL SERVICE.

**Retail**

**P** | US POSTAGE PAID
**$7.75** | Origin: 84107
03/09/20
4978000017-92

PRIORITY MAIL 2-DAY ®

0 Lb 7.80 Oz
**1004**

EXPECTED DELIVERY DAY: 03/11/20

C039

SHIP
TO:
75 TED TURNER DR SW
ATLANTA GA 30303-3315

USPS TRACKING® NUMBER



9505 5145 5678 0069 4626 34

To schedule free
Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**FROM:**

David L. Fisher, Esqu.
5663 S Redwood Rd.
Suite 2
Office 12
Taylorsville, UT 84123

CLEARED
MAR 11 2020
U.S. Marshals
Atlanta, GA.

**TO:**

Richard B. Russell Federal Bldg.
2211 United States Courthouse
75 Ted Turner Dr, SW
Atlanta, GA 30303-3309

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service October 2018; All rights reserved.

✻ Domestic only.   ✻ For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.